UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

JOHN MEGGS and ACCESS 4 ALL
INCORPORATED,

    Plaintiffs,

    v.

JENNA ACADEMY LLC, P&P TAVERNS,
INC. D/B/A PINTS TAVERN and ARABIAN
NIGHTS CAFÉ,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, JOHN MEGGS and ACCESS 4 ALL INCORPORATED, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, JENNA ACADEMY LLC, P&P TAVERNS, INC. D/B/A PINTS TAVERN and ARABIAN NIGHTS CAFÉ (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42

1

U.S.C. § 12181, *et seq.*

4. Plaintiff, JOHN MEGGS, is an individual over eighteen years of age, who splits his time between California and Colorado, and is otherwise *sui juris*.

5. Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6. At all times material, Defendant, JENNA ACADEMY LLC, was and is a Colorado limited liability company, organized under the laws of the State of Colorado with its principal place of business in Lakewood, Colorado.

7. At all times material, Defendant, JENNA ACADEMY LLC, owned and operated shopping center at 4845-4865 N Academy Blvd Colorado Springs, Colorado 80918 (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Jenna Academy."

8. At all times material, Defendant, P&P TAVERNS, INC., was and is a Colorado Corporation, organized under the laws of the State of Colorado with its principal place of business in Colorado Springs, Colorado.

9. At all times material, Defendant, P&P TAVERNS, INC., owned and operated a place of public accommodation at 4861 N Academy Blvd, Colorado Springs, Colorado 80918 (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Pints Tavern."

10. At all times material, Defendant, ARABIAN NIGHTS CAFÉ, was a Colorado limited liability company, organized under the laws of the State of Colorado with its principal place of business in Colorado Springs, Colorado.

11. At all times material, Defendant, ARABIAN NIGHTS CAFÉ, owned and operated a restaurant at 4845 N Academy Blvd Colorado Springs, Colorado 80918 (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Arabian Nights Cafe."

12. Venue is properly located in the District of Colorado because Defendant's Commercial Property and Defendants' businesses are located in Colorado Springs, Colorado, Defendants regularly conduct business within Colorado Springs, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Colorado Springs, Colorado.

## FACTUAL ALLEGATIONS

13. Although nearly thirty years (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

14. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein, including the retail shopping store.

15. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

16. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to,

3

not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate. Plaintiff is also a member of ACCESS 4 ALL INCORPORATED group, discussed in more detail below.

17. Defendants, JENNA ACADEMY LLC, P&P TAVERNS, INC. and ARABIAN NIGHTS CAFÉ, own, operate and oversee the Commercial Property, its general parking lot and parking spots specific to the businesses therein, and they own, operate and oversee said Commercial Property located in Colorado Springs, Colorado, that is the subject of this Action. As landlord and owner of the property, Defendant, JENNA ACADEMY LLC, is jointly and severally liable for all the ADA violations found on its Commercial Property.

18. The subject Commercial Property is open to the public and is located in Denver, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about July 29, 2022, when he was visiting to conduct an ACCESS 4 ALL INCORPORATED meeting, encountering multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, when he returns to Denver for more ACCESS 4 ALL INCORPORATED business and meetings and especially if the property/business become accessible.

19. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer. He attended a quarterly meeting for members of the ACCESS 4 ALL INCORPORATED organization, as a member and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in and near Denver, Colorado, in the same state as the Commercial Property, has

4

regularly frequented the Defendant's Commercial Property and the businesses located within the Commercial Property for the intended purposes, and intends to return to the property within three (3) months' time of the filing of the Complaint as he regularly conducts business in Colorado involving ACCESS 4 ALL INCORPORATED.

20. ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. JOHN MEGGS, has also been discriminated against because of its association with its disabled members and their claims.

21. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

22. The Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.  The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies),

5

embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

23.     Defendants, JENNA ACADEMY LLC, P&P TAVERNS, INC. and ARABIAN NIGHTS CAFÉ, own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, JENNA ACADEMY LLC, P&P TAVERNS, INC. and ARABIAN NIGHTS CAFÉ, is responsible for complying with the obligations of the ADA.

24.     Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and business therein, including but not limited to Pints Tavern and Arabian Nights Cafe, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and businesses therein, including but not limited to Pints Tavern and Arabian Nights Cafe, but to assure himself that the property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business therein without fear of discrimination.

### COUNT I – ADA VIOLATIONS
### (AS TO JENNA ACADEMY LLC)

25.     The Plaintiff adopts and re-alleges the allegations set forth in the paragraphs 1 through 24 above as though fully set forth herein.

26.     Defendant, JENNA ACADEMY LLC, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities,

privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

27. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property, include, but are not limited to, the following:

A. <u>Parking and Exterior Accessible Route</u>

   i. Accessible spaces, near the Florist Shop, lack clear and level aisles, they have slopes or cross slope of 7% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

   ii. Accessible spaces, near the Florist Shop, lack clear and level aisles, they have slopes or cross slope of > 5% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

   iii. Accessible spaces, in front of Arabian Nights Café, lack clear and level aisles, they have slopes or cross slope of 6.8% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

   iv. Accessible spaces, in front of Arabian Nights Café, lack clear and level aisles, they have slopes or cross slope of 6% (>2%) endangering John Meggs when unloading and violating the ADAAG and ADAS Section 502.

B. <u>Entrance Access and Path of Travel</u>

   i. Ramp surface, to Arabian Nights, contains an excessive slope/side slope of > 13% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

    ii.    Ramp surface, to Pints Tavern, contains an excessive slope/side slope of > 16% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

    iii.    Center Ramp surface contains an excessive slope/side slope of 14.5% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS

    iv.    Center Ramp surface contains an excessive slope/side slope of 3.3% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

    v.    Ramp at Jenna Academy is > 6' in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

**COUNT II – ADA VIOLATIONS**
**(AS TO JENNA ACADEMY LLC & P&P TAVERNS, INC.)**

28.     The Plaintiff adopts and re-alleges the allegations set forth in the paragraphs 1 through 24 above as though fully set forth herein.

29.     Defendants, JENNA ACADEMY LLC & P&P TAVERNS, INC., have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

30.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property, include, but are not limited to, the following:

A. <u>Access to Goods and Services</u>

    i.    Table-top and writing surface heights are > 34" (28" min / 34" max), preventing use by

8

John Meggs, violating 2010 ADAS.

ii. Table knee and toe space is , high (27" min) and 0" deep (17" min), preventing use by John Meggs.

B. <u>Restrooms</u>

i. John Meggs cannot access the restroom at Pints Tavern because the Restroom door has improper hardware, violating Section 4.13.9 of the ADAAG.

ii. Sink knee clearance 0" (27" min @ 8" deep) prevents John Meggs from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

iii. John Meggs cannot safely transfer to water closet at Pints Tavern due to a lack of clear floor space in violation of Section 604 of the 2010 ADAS.

iv. Toilet stalls at Pints Tavern are inaccessible to John Meggs, violating ADAAG Section 4.17 and Sec. 604 of the.2010 ADAS.

v. Stall door is not self-closing and/or lacks proper hardware, preventing use by John Meggs, violating 2010 ADAS Sec. 604.

vi. Grab bars do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for John Meggs.

vii. Mounted items above grab bar (12" min), prevent use by John Meggs, violating the ADAAG and 2010 ADAS

viii. Toilet flush valve not mounted on wide side, denying access to John Meggs, violating the ADAAG and 2010 ADAS Sec. 604.

<u>**COUNT III – ADA VIOLATIONS**</u>
<u>**(AS TO JENNA ACADEMY LLC & ARABIAN NIGHTS CAFÉ)**</u>

31. The Plaintiff adopts and re-alleges the allegations set forth in the paragraphs 1 through 24 above as though fully set forth herein.

9

32. Defendants, JENNA ACADEMY LLC & ARABIAN NIGHTS CAFÉ, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*.

33. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property, include, but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Table knee and toe space is 0", high (27" min) and deep (17" min), preventing use by John Meggs.

B. <u>Restrooms</u>

i. John Meggs cannot access the restroom at Arabian Nights Café because the Restroom door has improper hardware, violating Section 4.13.9 of the ADAAG.

ii. Maneuvering space 9" is inadequate, impeding John Meggs from entering or exiting the restroom per 2010 ADAS Sec. 404.

iii. There are exposed pipes in restrooms at Arabian Nights Café causing safety issues for John Meggs, violating Section 4.19.4 of the ADAAG.

iv. John Meggs cannot safely transfer to water closet at Arabian Nights Café due to a lack of clear floor space in violation of Section 604 of the 2010 ADAS.

v. Grab bars do not comply with the ADAAG and 2010 ADAS Sections 604 and 609,

    creating a hazardous condition for John Meggs.

 vi. Toilet paper dispenser is mounted at (7"-9" in front of seat), creating hazard for John Meggs, violating 2010 ADAS.

 vii. Toilet flush valve not mounted on wide side, denying access to John Meggs, violating the ADAAG and 2010 ADAS Sec. 604.

  34. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

  35. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and Defendants' businesses within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the

Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

36. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

37. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

38. While Defendant, JENNA ACADEMY LLC, as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

39. Defendants are required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

40. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

41. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate its businesses, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures its violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications

are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 26, 2022

          **GARCIA-MENOCAL & PEREZ, P.L.**
          *Attorneys for Plaintiff*
          1600 Broadway, Suite 1600
          Denver, CO   80202
          Telephone: (720) 996-3500
          Facsimile: (720) 381-0515
          Primary E-Mail: ajperez@lawgmp.com
          Secondary E-Mail: dperaza@lawgmp.com
          bvirues@lawgmp.com.

          By: */s/ Anthony J. Perez*
                ANTHONY J. PEREZ